# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-843V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JOSE A. INOA, *also known as* JOSE ANTONIO INOA ALMONTE, | Chief Special Master Corcoran |
| Petitioner, | Filed: August 11, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Jose A. Inoa*, Stormville, NY, *pro se* Petitioner.

*Heather Lynn Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On May 19, 2025, Jose A. Inoa filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2]. Petitioner alleged that he suffered injuries as a result of receiving a Covid-19 vaccine administered on April 13, 2021. *See generally* Petition (ECF No. 1).

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she received a vaccine listed on the Vaccine Injury Table (the "Table"). *See* §11(c)(1)(A). Vaccines are added to this Table only after two steps occur. First, compensation in the Program can only be awarded to individuals "who have been injured by vaccines routinely administered to children." H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3. Thus, the vaccine at issue must be

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

designated by the Centers for Disease Control as appropriate for children or pregnant women (even if it is also administered to adults). Second, an excise tax must be enacted by Congress on each vaccine listed on the Table to provide funds for compensation for possible injury resulting from a vaccine. The date the tax is enacted is the date a vaccine becomes the basis for a claim in the Vaccine Program. *See* 26 U.S.C. § 4131(a); *see also* Omnibus Budget Reconciliation Act of 1993, Pub. L. No. 103–66, § 13632(a)(3), 107 Stat. 312 (1993).

The Covid-19 vaccine does not yet appear on the Table, and is therefore not covered by the Vaccine Program. Petitioner thus cannot show that he "received a vaccine set forth in the Vaccine Injury Table." Section 11(c)(1)(A). As a result, the petition must be dismissed. *See, e.g., Danberry v. Sec'y of Health & Hum. Servs.*, No. 20-0778V, 2020 WL 6375330 (Fed. Cl. Spec. Mstr. Sept. 28, 2020) (dismissing a claim seeking compensation for injuries incurred after receiving Pneumovax-23 and Shingrix—two vaccines that are not set forth in the Table).

## CONCLUSION

Accordingly, and for the aforementioned reasons, the Petition is dismissed. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.